IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01075-BNB

ANTHONY YOUNG,

    Applicant,

v.

JOHN OLIVER (Warden),

    Respondent.

ORDER ON MOTIONS

This matter is before the Court on a number of motions filed by Applicant, Anthony Young, a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, High Security, in Florence, Colorado.

The Court must construe Mr. Young's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

In his motion to stay (ECF No. 6) filed on April 28, 2014, and motion to stay (ECF No. 11) filed on May 12, 2014, Mr. Young asks not to be transferred from the Court's jurisdiction during the pendency of this action.  "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (citing *Ahrens v. Clark*, 335 U.S.

188 (1948) (other case citations omitted)).  Therefore, this Court retains jurisdiction over Mr. Young's § 2241 application until disposition, even if he himself is transferred to another prison facility.  The motions to stay (ECF Nos. 6 and 11) will be denied.

The motion titled "Motion for Leave to File an Amended Complaint" (ECF No. 13) that Applicant filed on May 22, 2014, also will be denied.  Mr. Young was informed in the order to show cause (ECF No. 10) filed on May 6, 2014, that he may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action.  If he intends to assert civil rights claims challenging the conditions of his confinement, however, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agent*s, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.  The motion to file an amended complaint in the instant action, therefore, will be denied.

The motion (ECF No. 15) filed on May 29, 2014, seeking a thirty-day extension of time in which to respond to the order to show cause will be granted.  Applicant will be allowed thirty days from the date of this order in which to show cause as directed in the May 29 order.  Failure to do so within the time allowed may result in the denial of the habeas corpus application and dismissal of the instant action without further notice.

Applicant mentions in the letter (ECF No. 16) filed on June 2, 2014, that there may be a possible change of his address due to a future transfer to a different prison facility.  Applicant must file a notice of change of address pursuant to Local Rule 11.1(d) of the Local Civil Rules of Practice for this Court within five days after any change of address to a new prison facility.  His address will not be changed at this time based on the June 2 letter.

Accordingly, it is

ORDERED that the motion to stay (ECF Nos. 6) filed on April 28, 2014, and the motion to stay (ECF No. 11) he filed on May 12, 2014, are denied.  It is

FURTHER ORDERED that the "Motion for Leave to File an Amended Complaint" (ECF No. 13) filed on May 22, 2014, is denied.  It is

FURTHER ORDERED that the motion (ECF No. 15) filed on May 29, 2014, seeking a thirty-day extension of time in which to respond to the order to show cause is granted.  Applicant may have **thirty days from the date of this order** in which to show cause as directed in the May 29 order.  Failure to do so within the time allowed may result in the denial of the habeas corpus application and dismissal of the instant action without further notice.

DATED June 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge