IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01075-BNB

ANTHONY YOUNG,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Anthony Young, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado, when he filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9). He since has informed the Court he is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. *See* ECF No. 19. He has paid the $5.00 filing fee for a habeas corpus action. *See* ECF No. 5.

    On May 6, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Young to show cause (ECF No. 10) within thirty days why the amended application should not be denied because he failed to assert habeas corpus claims. In the amended application, Mr. Young complained about his placement in the Special Housing Unit (SHU) following a hearing on inmate attacks he allegedly committed as a pretrial detainee in a county jail preceding his BOP incarceration and his history of serious and disruptive disciplinary infractions. He contended his rights under the Due

Process and Double Jeopardy clauses of the United States Constitution were violated by his SHU placement. He asked to be transferred back to the general prison population. As a result, he appeared to be asserting civil rights claims, which are not properly raised in a habeas corpus action, rather than habeas corpus claims.

In the May 6 order, Magistrate Judge Boland pointed out that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). He further pointed out that "[i]t is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or Bivens . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland explained that Mr. Young may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action. However, he informed him that if he intended to assert civil rights claims challenging the conditions of his confinement, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.

On June 2, 2014, Mr. Young filed an amended § 2241 application asserting civil rights claims, claims under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and claims pursuant to other statutes, but requesting habeas corpus relief, i.e., his

release from custody. He claims his Fifth Amendment rights were violated (claim one) by his SHU placement following a hearing on inmate attacks he allegedly committed as a pretrial detainee in a county jail preceding his BOP incarcerations and his history of serious and disruptive disciplinary infractions. He also claims he was subjected to cruel and unusual punishment under the Eighth Amendment (claim two) by his SMU placement and the hearing that lead to that placement.

On June 3, 2014, Magistrate Judge Boland entered an order (ECF No. 18) denying various motions Mr. Young filed, including a motion titled "Motion for Leave to File an Amended Complaint" (ECF No. 13) because Mr. Young was informed in the May 6 show-cause order that he may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action, but if he intended to assert civil rights claims challenging the conditions of his confinement to file a separate civil rights action pursuant to *Bivens* and § 1331. The June 3 order granted Mr. Young an additional thirty days in which to show cause as directed in the May 6 order. On July 21, 2014, Mr. Young filed a response to the May 6 show-cause order titled "Motion to Show Cause," disagreeing with the May 6 order and arguing that his habeas corpus application must be construed liberally because he is a *pro se* litigant.

The Court must construe Mr. Young's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Young's status as a *pro se* litigant does not give him the right to disregard

Court orders. Generally, "dismissal is an appropriate disposition against a party who disregards court orders." *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes district courts to dismiss a lawsuit when a litigant fails to follow orders. *See Cook v. Central Utah Corr. Facility*, 446 F. App'x 134, 135 (10th Cir. 2011). "The simple fact is that no litigant, even a pro se litigant, may repeatedly disregard a court's orders without inviting the lawful possibility that his case might be dismissed." *See id.* Mr. Young has failed as directed to file an amended habeas corpus application that only asserts habeas corpus claims and he has failed to show cause why this action should not be dismissed. Therefore, the amended application and the action will be dismissed. If Mr. Young wishes to assert civil rights claims challenging the conditions of his confinement, he may do so by filing a separate civil rights action pursuant to *Bivens*.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Young files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 9) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Anthony Young, as directed and within the time allowed, to file an amended application that only asserts habeas corpus claims and to show cause why the instant action should not be dismissed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of     July    , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court